IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Jeremiah John Pudwill, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| The United States Attorney, in and for the Federal Government, | ) ) | Case No. 1:07-cr-058 |
| | ) | |
| Respondent. | ) | |

The petitioner, Jeremiah John Pudwill ("Pudwill"), filed a pro se Petition for a Writ of Mandamus with the court on August 31, 2007. In addition, he filed an application to proceed *in forma pauperis*.

I.  **BACKGROUND**

On August 15, 2006, Pudwill entered a plea of guilty to one count of possession of a firearm by a convicted felon[1] in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). See Case No. 1:06-cr-045, Docket No. 17. On October 5, 2006, he was sentenced to thirty-seven months imprisonment. He was subsequently designated by the Bureau of Prisons to a federal correctional facility in Oxford, Wisconsin.

On July 5, 2007, Pudwill filed a motion pursuant to 28 U.S.C. § 2255. Therein, he asserted that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to him. The court summarily dismissed the motion, the basis being that the plea agreement executed by Pudwill contained a valid waiver his right to file a Section 2255 motion.

---

[1] Pudwill was convicted of a felony drug offense in the District of North Dakota on or about April 5, 2006. See Case No. 1:06-cr-045, Docket No. 15 (Plea Agreement, ¶ 6).

Pudwill is now petitioning this court for a writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651. He seeks an order "compelling the Federal Government through its Office of the United States Attorney, and the United States Attorney his/her self, to forthwith produce judicial records establishing that the Federal Government prior to 5, 2006, judicially annulled or abolished Petitioner's Constitutional right secured and protected by the Second Amendment to the Constitution of the United States."

### III.   DISCUSSION

Without delving into the merits, there are at least two problems with Pudwill's petition. First, it is nothing more than an attempt to re-litigate the issues raised in the prior § 2255 motion and obtain the same ultimate relief, *i.e.,* a judicial declaration or order that would lead to his release on the grounds that he allegedly is being held in custody in violation of his constitutional rights. Consequently, the petition is clearly a "second or successive" attempt to obtain post-conviction relief, which this court may not consider in the absence of Pudwill having obtained the necessary authorization from the court of appeals for the bringing a second § 2255 motion as required by 28 U.S.C. § 2244(b)(3).   United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); United States v. Patton, 309 F.3d 1093 (8th Cir.2002) (*per curiam*) (collecting cases).

Second, district courts lack the authority to grant a writ of mandamus given the provisions of Fed. R. Civ. P. 81(b), which provides that writs of mandamus are abolished and that relief previously available by mandamus must be obtained by an appropriate action or motion. Further,

in terms of an action for which jurisdiction is claimed under 28 U.S.C. § 1361, the law is clear that mandamus relief is only available when there is not another adequate remedy.  Alamo Navajo School Bd., Inc. v. Andrus, 664 F.2d 229, 233 (10th Cir. 1981); Grant v. Hogan, 505 F.2d 1220, 1225 (3rd Cir. 1974); Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969).   In this case, Pudwill's other available remedy is a motion pursuant to 28 U.S.C. § 2255.   Cf. Papaioannou v. Commanding Officer, 1st U. S. Army, 509 F.2d 692 (1st Cir. 1975) (allowing complaint requesting mandamus relief to go forward when it was unclear that habeas relief was available).

### III.   CONCLUSION AND RECOMMENDATION

The undersigned concludes that Pudwill's petition is frivolous.  The undersigned therefore **RECOMMENDS** that the court deny his application to proceed *in forma pauperis* and dismiss his petition for a writ of mandamus.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.

Dated this 13th day of September, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge